IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ALVARO ALEXANDER SANDOVAL MARTINEZ, | § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| WARDEN, IAH SECURE ADULT DETENTION FACILITY; BRET BRADFORD, DIRECTOR, HOUSTON FIELD OFFICE, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, ENFORCEMENT & REMOVAL OPERATIONS; TODD M. LYONS, ACTING DIRECTOR, U.S. IMMIGRATION & CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, ACTING U.S. ATTORNEY GENERAL; AND DAREN K. MARGOLIN, DIRECTOR EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 9:26-CV-00309 JUDGE MICHAEL J. TRUNCALE |
| *Respondents*. | § § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Alvaro Alexander Sandoval Martinez ("Sandoval Martinez")'s

Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is

**DENIED**.

**I. BACKGROUND**

Petitioner Sandoval Martinez is a Nicaraguan national. [Dkt. 1 at ¶ 35]. On January 22, 2026,

United States Immigration and Customs Enforcement ("ICE") detained Sandoval Martinez. *Id.* at ¶ 43.

On May 1, 2026 Sandoval Martinez brought a habeas corpus petition, claiming that his

detention violates the Immigration and Nationality Act and the Fifth Amendment to the United States

Constitution. [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Detention Pending Removal Proceedings

Sandoval Martinez first challenges the Government's authority to detain him while removal proceedings are pending but no removal order has been issued. [Dkt. 1]. His challenge is misplaced, since at least two sections of the INA—section 1225(b)(2)(A) and section 1226(a)—authorize detention of aliens during removal proceedings. 8 U.S.C. §§ 1225(b)(2)(A), 1226(a). In fact, under section 1225(b)(2)(A), an alien must be detained during removal proceedings if he is "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Even when an alien undergoing removal proceedings is not subject to mandatory detention under section 1225(b)(2)(A), as Sandoval Martinez argues, section 1226(a) gives the Government the option of detaining the alien pending removal. *See* 8 U.S.C. § 1226(a). Because Sandoval Martinez is an alien undergoing removal proceedings, he is at least subject to discretionary detention under section 1226(a).

Even more, the Fifth Circuit recently considered and rejected similar arguments. In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit found that the mandatory detention procedures in § 1225(b)(2)(A) applies to aliens who have entered the United States without inspection and have been subsequently detained. 166 F.4th 494 (5th Cir. 2026). It is of no moment that prior administrations' policy approaches were different; the statute's text controls. *See id.*

2

## B. Due Process

Sandoval Martinez argues that the Government violated due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Sandoval Martinez were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Sandoval Martinez's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Sandoval Martinez's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Sandoval Martinez's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the cause of detention." *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id*.

Here, a properly conducted bond hearing would not invariably result in Sandoval Martinez being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* at §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Sandoval Martinez's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Sandoval Martinez's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Sandoval Martinez to raise a due-process challenge to the Government's failure to afford him a bond hearing.

*See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Alvaro Alexander Sandoval Martinez's Petition for Writ of

Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**.

This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge